**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JASON L. HUTCHINSON,**

         **Petitioner,**

         **v.**

**UNITED STATES OF AMERICA,**

         **Respondent.**

         **CASE NO. 2:15-CV-17**
         **CRIM. NO. 2:12-CR-00079**
         **JUDGE ALGENON L. MARBLEY**
         **Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the *Motion to Vacate under 28 U.S.C. § 2255*, Respondent's *Answer in Opposition*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Facts and Procedural History

This case involves Petitioner's convictions pursuant to the terms of his *Plea Agreement*, on using a minor to engage in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of such conduct, in violation of 18 U.S.C. §§ 2251(a) and (e). On January 18, 2013, the District Court imposed a sentence of 300 months incarceration with a lifetime term of supervised release. (ECF No. 44.) On October 7, 2013, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. (ECF No. 50.) On January 5, 2015, Petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 57.) He asserts that he was denied the effective assistance of counsel because his attorney advised him to enter a plea of guilty (claim one), and claims that his

attorney performed in a constitutionally ineffective manner in regard to his representation at sentencing (claim two).  It is the position of the Respondent that Petitioner's claims lack merit.

## Standard of Review

To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States,* 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006).  Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process.

It is well-established that a § 2255 motion "is not a substitute for a direct appeal."  *Ray v. United States,* 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows:  (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the

crime. *Ray,* 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner.  *Id.* at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.*

"Surmounting *Strickland's* high bar is never an easy task."  *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland*, 466 U.S. at 689. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Id.* at 691. A petitioner, therefore, must show prejudice in order to prevail on a claim of ineffective assistance of counsel.  *Id.* at 692.

In order to establish prejudice, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different.  *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a petitioner must satisfy both prongs of *Strickland* to demonstrate

3

ineffective assistance of counsel, should a court determine that the petitioner has failed to satisfy one prong, it need not consider the other.  *Id*. at 697.

### Claim One

Petitioner asserts that his attorney improperly advised him "that he had no real choice other than to enter a plea of guilty and accept a sentence of up to 300 months."   (ECF No. 57, PageID# 343.)   Petitioner argues that his attorney should have instead litigated a motion to suppress the fruits of the search of Petitioner's mobile home and other pre-trial motions and obtained Petitioner's psychological analysis prior to entry of the guilty plea, in order to ensure that Petitioner, "whose cognitive deficiencies were well known to counsel" understood the strength of the Government's case and the likely sentence he would receive.  *Id*.  Petitioner maintains that, had his attorney fully advised him of his options and provided him with necessary information he needed to make an informed decision, there is a reasonable probability that he would not have pleaded guilty, but would have chosen to litigate pre-trial motions and proceeded to trial.  (ECF No. 57, PageID# 343.)

Respondent has provided an *Affidavit* from Steven S. Nolder, Petitioner's defense counsel, in response, indicating as follows:

> Mr. Hutchinson was charged by criminal complaint with producing child pornography and then transmitting it via the internet, in violation of 18 U.S.C.  § 2251(a).  The videos that Hutchinson was charged with producing and transmitting were discovered on Tom Donahue's (a/k/a/ Tom Johnson) computer in Worchester, Massachusetts in 2011;
>
> When I discussed the facts with Hutchinson shortly after he was arrested, he informed me that he was having technical issues with his computer, he had it repaired in Chillicothe, and the repair must have not been done properly.  According to Hutchinson, the videos he made were not intentionally transmitted using the internet but were instead transmitted to Tom Donahue due to a technical glitch as a result of a faulty computer repair;

4

During the discovery phase of this case, undersigned counsel was provided a FBI 302 of the interview that Tom Donahue gave in Worchester.  During his interview, Donahue told agents about the circumstances under which Hutchinson intentionally provided him the videos depicting Hutchinson engaging in sexually explicit conduct with a minor nicknamed "Bubba."  Moreover, Donahue agreed to be a witness against Hutchinson in the production case pending in the Southern District of Ohio.  I read this 302 to Hutchinson who agreed that Donahue's statements were accurate;

Because the videos were found on Donahue's computer, I did not see how Hutchinson had an expectation of privacy to challenge their discovery in Worchester.  Consequently, I concluded the government could easily prove the production case against Hutchinson given the clarity of the videos and Donahue's testimony, without relying on any evidence found in Hutchinson's trailer;

I was well aware of Hutchinson's educational limitations as he was illiterate.  Consequently, I read to Hutchinson:  the discovery, relevant pleadings, his PSR, the forensic psychologist's report, as well as the sentencing memorandum that was prepared;

Undersigned counsel, Hutchinson, and counsel for the government entered into a plea agreement where a sentencing range of 240 to 300 months was the agreed upon range, pursuant to Fed.R.Crim.P. 11(c) (1) (C).  Given the facts beyond change that Hutchinson's case presented, I informed him that he really had no realistic alternative other than to sign the plea agreement and enter a guilty plea; otherwise, his guideline sentencing range was 360 months in prison;

USSG 2G2.1(b) (5) provides that "if the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant, by 2 levels."  Because "Bubba" had fallen out with his parents and was effectively living with Hutchinson for the time period during which these videos were made, undersigned counsel believed that "Bubba" was "otherwise in the custody, care, or supervisory control" of Hutchinson.  As a result, this guideline application was not challenged; and

Undersigned counsel authored a sentencing memorandum in this case to persuade the district court to vary downward and impose a sentence at the low-end of the agreed-upon sentencing range.  The

> government sought a sentence of 288 months. The district court
> recognized the significant mitigation that Hutchinson's case
> presented but found that the harm Hutchinson inflicted was not
> outweighed by the mitigation and imposed a 300 month sentence.

*Affidavit* (ECF No. 65-1, PageID# 386-87.)

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland* applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses
> on whether counsel's constitutionally ineffective performance
> affected the outcome of the plea process. In other words, in order
> to satisfy the "prejudice" requirement, the defendant must show
> that there is a reasonable probability that, but for counsel's errors,
> he would not have pleaded guilty and would have insisted on going
> to trial.

*Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884. Petitioner has failed to meet this standard here.

Preliminarily, the record fails to reflect a viable basis for suppression of evidence obtained from Petitioner's home, pursuant to execution of a search warrant, or of his statements to police. *See Criminal Complaint* (ECF No. 1, PageID# 4.)[1] *See Rodriguez v. Warden, S. Oh. Corr. Fac*., 940 F. Supp. 2d 704, 713-14 (S.D. Ohio 2013) (in order to establish prejudice based

---

[1] The *Criminal Complaint* indicates that Petitioner waived his rights under *Miranda* and "acknowledged having sex with the minor male in the video. . . and admitted to using a webcam to record the sex acts. Hutchinson claimed that he did not intend to broadcast the video on the internet. Hutchinson stated the minor male who appeared in the video had been present at Hutchinson's residence. . . March 15, 2012." (ECF No. 1, PageID# 4.)

on an attorney's failure to file a motion to suppress evidence, the petitioner must "prove that his Fourth Amendment [and Fifth Amendment] claim[s are] meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence[.]") (*citing Henness v. Bagley*, 644 F.3d 308, 317–18 (6th Cir. 2011) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).  Moreover, the government had ample evidence to establish Petitioner's guilt based on the proposed testimony of Tom Donahue, and videos depicting Petitioner engaged in sexual acts with a minor obtained from Donahue's computer.  Therefore, counsel did not act unreasonably in advising Petitioner to accept the government's plea offer in lieu of litigating motions to suppress evidence and overwhelming evidence of guilt.  *See Rodriguez,* 940 F.Supp.2d at 714 ("[I]n light of the strong evidence of against Petitioner, it was reasonable trial strategy for his counsel to recommend that he take the state's plea offer instead of filing a motion to suppress.") (*citing Premo v. Moore*, 562 U.S. 115, 118-132 (2011) (finding counsel was not ineffective under *Strickland* for conducting plea negotiations prior to filing a motion to suppress).

Additionally, the record reflects that defense counsel referred Petitioner for a psychological evaluation by Jeffrey L. Smalldon, Ph.D, who interviewed Petitioner on June 25, 2012, and July 2, 2012.  (ECF No. 40-1, filed under seal, PageID# 263.)  Dr. Smalldon interviewed Petitioner's mother, Shirley Hutchinson, and reviewed, *inter alia*, Petitioner's educational records and mental health treatment records from 1991 to 2003, in conducting his psychological evaluation.  *See id*.  Therefore, counsel did not perform in a constitutionally ineffective manner in this respect.  Further, Dr. Smalldon's report indicates that Petitioner graduated from high school.  (PageID# 272.)  Petitioner's scores on the Wide Range Achievement Test-Revision 4, fell within the range of mild intellectual impairment to borderline

intellectual functioning.  His scores on the Wechsler Abbreviated Scale of Intelligence fell around the midpoint of average range.  (PageID# 277.)  In view of this discrepancy, Smalldon concluded that it was likely that a learning disability of some kind had interfered with Petitioner's ability to acquire basic academic skills as one would expect based upon his intelligence.  (PageID# 277-78.)  According to Smalldon's evaluation, Petitioner had an average intelligence but was learning disabled.    (PageID# 279.)  His academic skills lagged far behind what would have been predicted based on his IQ estimates.  (*Id*.)  Defense counsel attached a copy of Petitioner's psychological evaluation to his *Sentencing Memorandum* and used it to argue in support of his request for a lesser sentence.  (ECF No. 40, filed under seal, PageID# 250.)  Further, nothing included in the psychological report, or in the record before this Court, indicates that Petitioner could not  understand the charges against him, the nature of the proceedings, or the ramifications of his guilty plea.

The record reflects to the contrary.  On May 22, 2012, Petitioner signed a *Plea Agreement* indicating that he agreed to plead guilty to Count Two of the *Indictment,* which charged him with using a minor to engage in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of such conduct and to the forfeiture of certain material seized.  (ECF No. 25.)  He understood he faced a mandatory minimum term of not less than 15 years and up to a maximum of 30 years.  The parties agreed to an appropriate sentence of between 240 months and 300 months imprisonment.  (ECF No. 25, PageID# 96-97.)  The government agreed to dismiss Counts One and Three of the *Indictment*, and not to file any additional charges against Petitioner based on the activities charged.  (PageID# 99.)  On August 24, 2012, at the time of the entry of his guilty plea, Petitioner indicated that he had discussed his change of plea motion with his attorney.  According to Petitioner's sworn testimony, his attorney

had read him the *Indictment*, and he understood it. *Transcript* (ECF No. 46, PageID# 188-89.) His attorney had explained the charges against him and discussed his possible defenses with him. (PageID# 189.) Petitioner had decided to enter a guilty plea. He had discussed with his attorney the maximum penalties he faced, and it was his desire to plead guilty. (*Id*.) He had graduated from Athens High School. (PageID# 191.) He denied being under the influence of any medication that impaired his ability to understand the proceedings. (Id.) Defense counsel had no doubt as to Petitioner's competence. (PageID# 191-92.) Petitioner understood the nature and meaning of the charge against him, and had informed his attorney regarding everything he knew about the case. He believed his attorney had been fully advised about the facts and circumstances of the charges. Counsel had advised Petitioner on the nature of the charge and potential defenses. Petitioner was satisfied with counsel's advice and representation. (PageID# 192.) The Court advised Petitioner of the elements of the charge against him. Petitioner understood. (PageID# 192-93.) The Court advised Petitioner of the maximum sentence he faced and advised Petitioner that the Court could impose the maximum penalty. Petitioner at all times indicated he understood. (PageID# 193-94.) Petitioner had discussed with his attorney how the advisory sentencing guidelines might apply. (PageID# 195.) The Court advised Petitioner of all of the rights he was waiving by entry of his guilty plea. Petitioner at all times indicated that he understood. (PageID# 195-97.) The prosecutor recited the terms of the *Plea Agreement*, including the parties' agreement to an appropriate sentence of between 240 and 300 months imprisonment. (PageID# 197-200.) Petitioner agreed with those terms, as did his attorney, and denied having been made any other promises or assurances to induce his guilty plea. (PageID# 200.) He denied being made any promises or suggestion of a lighter sentence or some other form of leniency in exchange for his guilty plea. (PageID# 201.) He stated that his decision to enter a

guilty plea was his own free and voluntary act.  He denied being threatened or forced into entering a guilty plea.  (*Id*.)

FBI Special Agent Janel McBain summarized the facts as follows:

> In approximately November, 2010, the defendant, Jason L. Hutchinson, utilized a web cam in his residence located at 4353 Campbell Road, Athens, Ohio, to create a video of himself engaged in various sex acts with a minor child, John Doe.  John Doe was approximately 13 years old at the time.  Subsequent to creating the video, on or about November 14, 2010, Hutchinson sent the video over the Internet via Instant Messenger to an individual in the greater Boston, Massachusetts, area, hereinafter the Massachusetts subject.  Hutchinson and the Massachusetts subject had engaged in numerous prior conversations via e-mail and online chat, regarding Hutchinson's sexual relationship with John Doe, and had also traded child pornography via instant messenger.

> In February, 2011, law enforcement officers in the greater Boston metropolitan area discovered the video that Hutchinson had sent to the Massachusetts subject along with another video that depicted Hutchinson performing oral sex on John Doe.  As a result of further investigation by law enforcement authorities in Massachusetts and the Southern District of Ohio, a search warrant was obtained for Hutchinson's residence.  Law enforcement officers in Ohio executed the search warrant in March of 2012, and confirmed that Hutchinson was the individual in the video recovered from the Massachusetts subject's computer media and that the video had been created in the bedroom of Hutchinson's residence.  During the execution of the search warrant, law enforcement officers observed a computer in the bedroom of Hutchinson's residence, which was connected to a web cam.  In a subsequent interview, Hutchinson admitted that he had engaged in sex acts with a minor child, John Doe.

> In a subsequent interview, the Massachusetts subject informed law enforcement officers that Hutchinson had also disclosed that he had previously been engaged in a sexual relationship with another minor male from the time the male was approximately 11 or 12 years old until the time that he was 15 years old, but there are no known photographs or videos of Hutchinson's relationship with the other male.

(PageID# 201-203.)   Petitioner agreed with the truth of those facts and admitted his guilt.

(PageID# 203.)   The Court specifically indicated:

> The Court has observed the appearance and responsiveness of this defendant in giving his answers to the questions asked.  Based on such observation and the answers given, I am satisfied that he is in full possession of his faculties.  He is not suffering from any apparent physical or mental illness.  He is not under the influence of narcotics or alcohol.  He understands the proceeding in which he is engaged.  He understands the nature and meaning of the charge and the consequences of his plea of guilty.  He is aware of all plea negotiations undertaken in his behalf.
>
> I find the defendant is fully competent and capable of entering an informed plea and that his plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.  His plea is, therefore, accepted, and he is now adjudged guilty of the offense.

(PageID# 203-204.)

An attorney does not perform in a constitutionally ineffective manner by urging his client to plead guilty in light of overwhelming evidence of guilt, or when it is the opinion of the attorney that entry of a guilty plea would be in the best interest of his client.  Indeed, this is a function of an attorney representing a criminal defendant, and the failure to do so would be an abrogation of one of the duties of defense counsel.  *See, e.g., Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003) (an "attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action," however, "the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction.")  Nothing in the record reflects that the government could not have proven the charges against Petitioner.  To the contrary, the record reflects substantial evidence of guilt.  By entry of his guilty plea, Petitioner obtained dismissal of two of the charges against him, which substantially reduced his potential maximum sentence,

and limited his prison exposure to 300 months incarceration.  Petitioner obtained a three-level decrease in his recommended guideline sentence for acceptance of responsibility and timely notifying the authorities of his intent to plead guilty.  *PreSentence Investigation Report*, ¶¶26, 27.  Further, the government recommended imposition of 288 months incarceration, a sentence below Petitioner's recommended guideline sentence of 360 months, *PreSentence Investigation Report*, ¶66, in view of Petitioner's "limited emotional and mental capacity and his assistance to the government."  *Government's Memorandum in Aid of Sentencing* (ECF No. 42, filed under seal, PageID# 283.)  Under all of these circumstances, it is improbable that competent counsel would have recommended against entry of the guilty plea.

## Claim Two

Petitioner asserts that his attorney performed in a constitutionally ineffective manner because he failed to challenge errors in the *PreSentence Investigation Report*.  Specifically, Petitioner argues that his sentence was improperly enhanced two levels pursuant to U.S.S.G. § 2G2.1(b) (5), because the victim was in the custody, care, or supervisory control of Petitioner (*PreSentence Investigation Report*, ¶ 21) and that the *PreSentence Investigation Report* wrongly included allegations that he had molested other minors.  Petitioner argues that, but for counsel's failure, he would have obtained a lesser sentence.  The record, however, does not support this claim.

U.S.S.G. § 2G2.1(b) (5) provides for a two level enhancement to a defendant's recommended guideline sentence "[i]f the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant."  Application Note 3 indicates that this section " is intended to have broad application and includes offenses involving a minor entrusted to the defendant,

whether temporarily or permanently. For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to this enhancement. In determining whether to apply this adjustment, the court should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship." *Id*. The United States Court of Appeals for the Sixth Circuit has affirmed application of the enhancement to a photographer who took sexually explicit photographs of children dropped off at his studio and left in his custody for four to six hours per session for the purpose of receiving "proper modeling instruction and photography services." *See United States v. Martin*, 291 F. A'ppx 765, 765-68, unpublished, 2008 WL 4148529 (6th Cir. 2008); *see also United States v. Bentley,* 492 F. Supp. 2d 1050, 1057 (N.D. Iowa 2007) (enhancement properly applied where defendant babysat children, who often stayed and spent weekends at his residence)

The *PreSentence Investigation Report* indicates as follows:

> According to Mr. and Mrs. Hutchinson, S.L.'s parents were friends with the defendant and visited him as a family. At some point, S.L.'s parents separated and his mother asked the defendant if S.L. could stay with him to attend school. Mr. and Mrs. Hutchinson explained that when S.L. went to visit with his father, he would call the defendant and ask him to come pick him up as he did not want to be there. They explained that S.L. was living with the defendant for approximately one year before he was arrested. He would accompany the defendant to his parents' house for holiday dinners.

*PreSentence Investigation Report*, ¶ 50. The record indicates that Petitioner told Donahue that he had a friend named Bubba who was eleven years old, whose parents routinely allowed him to spend the night at Petitioner's home. *Id*. at ¶ 9. Petitioner does not dispute the truth of these facts. Under such circumstances, any objection to the enhancement of Petitioner sentence had little likelihood of success, and defense counsel did not perform in a constitutionally

13

unreasonable manner in failing to object to the two-level enhancement of Petitioner's sentence pursuant to U.S.S.G. § 2G2.1(b) (5).

The *PreSentence Investigation Report* also indicates that Petitioner told Donahue that he engaged in sexual conduct with another underage individual, "C.A.," from the time that C.A. was 11 or 12 years old until the age of 15. *Id*. at ¶ 10. Petitioner admitted the truth of this fact at his guilty plea hearing. *Transcript* (ECF No. 46, PageID# 201-2013).

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Machibroda, supra*, 368 U.S. at 495–496, 82 S.Ct., at 514 (§ 2255); *Price v. Johnston, supra,* at 334 U.S. 266, 286–287, 68 S.Ct. 1049, 1060–1061, 92 L.Ed. 1356 (§ 2243).

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). The *PreSentence Investigation Report* also indicates that Petitioner denied having sexual contact with C.A. to police. *Id*. at ¶ 11. No photographs or videos were obtained involving C.A., and no charges were filed against Petitioner in regard to C.A.[2]

Defense counsel argued at length that the Court should impose a sentence of twenty to twenty-five years. He stated that Petitioner had been deprived of oxygen at birth, resulting in delayed physical and inadequate emotional and intellectual development. *Transcript* (ECF No. 48, PageID# 215.) Petitioner was picked on and made fun of in high school, and was unable to read or write. He suffered from poor self esteem, depression, and self-loathing. He had been

---

[2] Dr. Smalldon indicates that he reviewed a 1993 Athens County JFS record indicating that, at age 23, Petitioner was reported to have had oral sex with an 8 year old boy. (ECF No. 40-1, filed under seal, PageID# 269.)

horrifically victimized and sexually abused as a child.  (PageID# 215-16.)  He viewed the world through the prism of a 12 year old.  (PageID# 217.)  He sent the videos to Donahue in Massachusetts "to demonstrate to him that all is not lost, that at some point in time you maybe lucky enough to find this type of relationship too."  (PageID# 220.)  He had cooperated with and assisted the government in obtaining charges against another individual making child pornography.  (PageID# 221.)  In view of the foregoing, the prosecution recommended a sentence of 24 years.  (PageID# 227.)  The Court nonetheless imposed a sentence of 300 months – still, 60 months below Petitioner's recommended guideline sentence despite recognizing Petitioner's emotional and intellectual lack of development, in view of the egregious nature of the case, the fact that Petitioner had sent videotapes of his sexual acts with the minor child over the internet to another adult viewing child pornography, and in view of the impact on the victim. *See Sentencing Transcript* (ECF No.  48.)  The record fails to support Petitioner's supposition that the Court would have imposed a lesser sentence had defense counsel objected to the reference to Petitioner's prior sexual involvement with a minor.  Petitioner has failed to establish that his attorney performed in a constitutionally ineffective manner at sentencing.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b) (1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

         _s/ *Elizabeth A. Preston Deavers*_
         Elizabeth A. Preston Deavers
         United States Magistrate Judge

Date:  September 1, 2016