IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON L. HUTCHINSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:15-CV-17
CRIM. NO. 2:12-CR-00079
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On September 1, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant *Motion to Vacate under 28 U.S.C. § 2255* be dismissed. (ECF No. 68.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 75.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 75) is **OVERRULED.**

Petitioner asserts that he was denied the right to the effective assistance of counsel because his attorney improperly advised him to enter a guilty plea without litigating a motion to suppress evidence or other pre-trial motions or obtaining a psychological evaluation to verify that Petitioner understood the strength of the government's case against him and potential sentencing ramifications. Had counsel done so, Petitioner maintains that he likely would not have pleaded guilty, but would have proceeded to trial. Petitioner also asserts that his attorney unconstitutionally failed to object to a two-level enhancement of his sentence under U.S.S.G. § 2G2.1(b), (5), on the basis that the victim was in his custody, care, or supervisory control, or

raise an issue regarding the reference to Petitioner's prior sexual acts with a minor. The Magistrate Judge recommended dismissal of Petitioner's claim on the merits.

Petitioner objects to the Magistrate Judge's recommendation. Petitioner again raises all of the arguments he previously presented. He argues that the record establishes a viable basis for suppression of evidence obtained from his home pursuant to a search warrant and his statements to police. Petitioner also again argues that the record fails to reflect that he acted as a custodian for the alleged victim and complains that the Court sentenced him, in part, based on information improperly obtained from his proffer statement.

For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner has failed to establish the denial of the effective assistance of counsel under the two pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985). The record fails to support a basis for the suppression of evidence, including Petitioner's admission of guilt, and reflects overwhelming evidence of guilt. By entry of his guilty plea, Petitioner substantially reduced his potential prison exposure, and obtained a sentence well beneath his recommended sentence under the advisory United States Sentencing Guidelines. Under these circumstances, Petitioner cannot establish that his attorney performed in a constitutionally ineffective manner by advising him to enter a guilty plea. Moreover, the Court would not have further reduced Petitioner's sentence, in view of the circumstances of this case.

Therefore, the *Report and Recommendation* (ECF No. 68) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge