# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:12-cr-079 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| JASON L. HUTCHINSON, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

This matter comes before the Court on Defendant Jason Hutchinson's Motion for Compassionate Release. (ECF No. 87). For the following reasons, Defendant's Motion is **DENIED WITHOUT PREJUDICE.**

### I. BACKGROUND

Jason Hutchinson was sentenced to 300 months of imprisonment and supervised released for life on January 18, 2013 after pleading guilty to one count of using a minor to engage in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e). On August 5, 2020, Mr. Hutchinson filed a motion seeking to be released due to the COVID-19 pandemic and his medical conditions that he alleges put him at greater risk of serious illness or death if he contracts the virus. (ECF No. 87). On August 12, 2020, the Government filed a response in opposition to Mr. Hutchinson's motion, arguing that Mr. Hutchinson has not established "extraordinary and compelling reasons" justifying his release, and that the Court should defer responsibility for Mr. Hutchinson's medical needs to the BOP. (ECF No. 90 at 2, 5). On September 15, 2020, Mr. Hutchinson's appointed counsel

provided notice that he would not submit a supplemental motion (ECF No. 92). This matter is now ripe for review.

## II. LAW & ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons," but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 n.1 (3d Cir. Apr. 2, 2020). The Sixth Circuit has found that the statute's administrative exhaustion requirement is a "mandatory claim-processing rule" that must be enforced when properly invoked. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Mr. Hutchinson indicates that he submitted a formal request for compassionate release or reduction in sentence to the Warden on May 27, 2020 and received a denial letter on June 2, 2020. (ECF No. 87 at 8; ECF No. 87 Exh. 4). The denial letter included information about how Mr. Hutchinson could pursue an appeal through the Bureau of Prisons but, according to the Government, "he has not appealed [the Warden's] decision through the BOP." (ECF No. 90 at 4). In its Response, the Government acknowledges that current law requires prisoners to exhaust all administrative appeals with the BOP and that this exhaustion rule "serves important functions." (*Id.*). The Government, however, apparently does not seek to enforce the exhaustion rule in this case, since it skips over the mandatory claim-processing rule and instead argues that Mr. Hutchinson's motion should be denied on its merits.

The statutory language of 18 U.S.C. § 3582(c)(1)(A) does not permit the Government to vacillate between enforcement and waiver of the requirement from case to case. Although the Sixth

2

Circuit notes that waiver and forfeiture are two exceptions to mandatory claim-processing rules, this Court's analysis does not end with the Government's implied waiver. *See United States v. Alam*, 960 F.3d 83, 834 (6th Cir. 2020). Instead, this Court considers whether it must enforce the mandatory claim-processing rule found in the First Step Act *sua sponte*, despite the Government's apparent waiver. To do so, this Court follows the Sixth Circuit's reliance on *United States v. Mitchell*, a decision from the U.S. Court of Appeals for the Tenth Circuit. *See United States v. Gayton-Garza*, 652 F.3d 680 (6th Cir. 2011) (citing *United States v. Mitchell*, 518 F.3d 740 (10th Cir. 2008)). *Mitchell* found that a court may appropriately invoke a procedural rule *sua sponte* to protect "judicial interests beyond those of the parties" implicated by the rule, including "the interests of judicial administration by minimizing uncertainty and waste of judicial resources." 518 F.3d at 750. This Court also relies on the Sixth Circuit's decision in *Alam*, which observed that enforcing the mandatory claim-processing rule would help the Government "implement an orderly system for reviewing compassionate-release applications" and prevent "line jumping" on the part of criminal defendants. *Alam*, 960 F.3d at 834.

Together, these cases inform this Court's decision to enforce the mandatory-claim processing rule *sua sponte*. In so deciding, this Court seeks to implement normative standards that will promote consistency and predictability for all parties involved, including the court itself. It also seeks to guard against one party's irregular waiver practice, as such irregularity may result in arbitrary and capricious enforcement of the rule. This approach best positions the Court to resolve motions for compassionate release on the merits timely and efficiently.

The language in 18 U.S.C. § 3582(c)(1)(A) also prohibits this Court from exercising discretion in excusing Mr. Hutchinson's failure to fully exhaust his administrative remedies. Through the language of the First Step Act, Congress makes clear that the exhaustion requirement

3

is mandatory. *See* 18 U.S.C. § 3582(c) ("The *court may not* modify a term of imprisonment" except "upon motion of defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden." (emphasis added)). Moreover, when Congress directs "obligatory language toward the courts," it imposes "unyielding procedural requirements 'impervious to judicial discretion.'" *United States v. Dowl*, 956 F.3d 904, 908 (6th Cir. 2020) (per curiam) (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)). As such, courts do not have discretion to excuse a defendant's failure to satisfy the exhaustion requirement.

This Court finds Mr. Hutchinson is not eligible for compassionate release from the Court because he has not demonstrated that he has exhausted his administrative remedies. Mr. Hutchinson will not exhaust his administrative remedies until he has filed an appeal and received a final administrative decision from the BOP, or until 30 days have passed from the filing of an appeal without answer. Accordingly, this Court need not reach the question of whether Mr. Hutchinson's motion alleges a sufficiently extraordinary and compelling reason to justify his release at this time. Once he has exhausted his administrative remedies, he can file a motion with this Court pursuant to 18 U.S.C. § 3582(c)(1)(A).

For these reasons, Mr. Hutchinson's Motion for Compassionate Release (ECF No. 87) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

/s/ Algenon L. Marbley
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: October 23, 2020**

4